KERRY PIERCE, a Minor, by Carvenia Pierce, his Mother and Next Friend, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (4th Division)   No. 76-375

Opinion filed December 1, 1976.

Smith & Munson, Ltd., of Chicago, for appellant.

Frank Glazer, Ltd., of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiffs, Kerry Pierce, a minor, and Carvenia Pierce, his mother, filed a complaint at law in the Circuit Court of Cook County demanding damages from the defendant, Board of Education of the City of Chicago (hereinafter called "the Board"). In response, the Board filed a motion to dismiss the complaint, which was granted. It is from this order the plaintiffs appeal.

The sole issue presented for review is whether the complaint states a cause of action.

The complaint set out that from 1971 to February of 1974 the plaintiff attended the F.W. Riley School in the City of Chicago, and during that time the minor-plaintiff was suffering from a specific learning disability.

The complaint further alleged the defendant was advised of this fact by the minor-plaintiff's parents and various privately retained physicians of the plaintiff, who recommended the boy be transferred from the regular or normal classes of instruction to classes known as special education classes or learning disability classes. Nevertheless, the defendant failed and refused to either transfer the minor to these classes or undertake their own testing and evaluation of the boy. As a result of the defendant's inaction the plaintiff remained in regular classes at the F.W. Riley School, where he was required to compete with students not suffering from a learning disability, and as a result sustained severe and permanent emotional and psychic injury requiring hospitalization and medical treatment for his injuries.

The Board argues the order granting the motion to dismiss should be affirmed, because:

> (1) the Board had no duty to see that Kerry Pierce receive special education, since by state statute that duty is vested in the Superintendent of Public Instruction (see Ill. Rev. Stat. 1975, ch. 122, par. 14—8.01);
>
> (2) no act of misconduct constituting a breach of duty was alleged in the complaint; and
>
> (3) no action exists in Illinois for emotional injury without accompanying physical injury.

■■ In examining whether the order granting the motion to dismiss should be reversed, certain procedural rules must be observed. Pleadings shall be liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) A motion to dismiss admits, for the purposes of the motion, as true all facts well pleaded (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69), together with all reasonable inferences which could be drawn from those facts (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20; *Miller v. Veterans of Foreign Wars of the United States* (1965), 56 Ill. App. 2d 343, 206 N.E.2d 316). A motion to dismiss searches the record, and all relevant facts are considered. Where a material issue of fact is raised, the court will deny the motion to dismiss.

The complaint in question specifically charged the Board with having been given notice of the child's learning disability by private physicians, on numerous occasions, who recommended the boy be transferred to special education classes. The facts show the Board was in loco parentis through the years, and had a duty to care for Kerry Pierce, as its ward. This duty is not vitiated by the State statute which places a duty to administer the special education program on the Superintendent of Public Instruction. The Board still had a duty to notify the State Superintendent regarding the special education need of Kerry Pierce.

Through the facts alleged in the complaint, along with reasonable inferences drawn therefrom, the Board knew Kerry Pierce was continually being deprived of proper education, yet failed to take any steps to rectify the situation. The continuous nonfeasance by the Board can fairly be categorized as an intentional breach of its duty to care for its ward. The plaintiff, being a minor, is entitled to a high degree of care not only from the Board but also from the trial judge and from the bench on appeal, since the minor is also a ward of the court, at the trial level as well as on appeal.

■■ The Board urges this court to refuse to allow damages for purely emotional injury absent accompanying physical injury. The Illinois Supreme Court in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, recognized recovery for emotional injury absent accompanying physical injury, when the conduct which inflicted the emotional distress was intentional. The court stated a factor which may be important to recovery, depending on the facts of each case, is whether there was special knowledge or notice the person injured was not of "ordinary sensibilities." 22 Ill. 2d 73, 86, 174 N.E.2d 157, 165.

■■ In the case at bar, the Board knew or should have known Kerry Pierce was not of ordinary sensibilities. The Board's nonfeasance in refusing, after numerous requests, to either undertake their own testing of the boy, or notify the Superintendent of Public Instruction, could amount to an intentional breach of duty.

For the purposes of the motion to dismiss, taking as true all facts well pleaded in the complaint, we find a cause of action was properly alleged, and the motion to dismiss should have been denied.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JOHNSON, P. J., and SULLIVAN, J., concur.