(No. 49222.–

KERRY PIERCE, a Minor, Appellee, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant.

*Opinion filed November 30, 1977.*

Frank Glazer, Ltd., of Chicago (Frank Glazer and Harry Ray Chiles, Jr., of counsel), for appellant.

Smith & Munson, Ltd., of Chicago (James G. Meyer, of counsel), for appellee.

Kirkland & Ellis, of Chicago (Don H. Reuben, Cornelius J. Harrington, Jr., James A. Serritella, and James A. Klenk, of counsel), for *amicus curiae* the Catholic Bishop of Chicago.

MR. JUSTICE RYAN delivered the opinion of the court:

The plaintiff, Kerry Pierce, a minor, by his mother and next friend, Carvenia Pierce, filed a complaint in the circuit court of Cook County against the defendant, the board of education of the city of Chicago (hereinafter the Board). The complaint charged that from 1971 to February of 1974 the plaintiff attended the F. W. Riley School in Chicago, and during that time he was suffering from a specific learning disability. The complaint alleged that the defendant was advised of this fact by several privately retained physicians. Despite the recommendation of the

doctors that the plaintiff be transferred from regular classes of instruction to special education classes, the defendant failed to transfer the plaintiff or to undertake its own testing and evaluation of him. The plaintiff, consequently, remained in normal classes at F. W. Riley School, where he competed with students not suffering from learning disabilities. The complaint further alleged that, as a result of the defendant's refusal to place the plaintiff in a special education class, he suffered severe and permanent emotional injury requiring hospitalization and medical treatment. The complaint sought damages from the Board to compensate for the injuries plaintiff sustained.

The circuit court granted the Board's motion to dismiss. On review, the appellate court found that the complaint stated a cause of action, and reversed the circuit court. (44 Ill. App. 3d 324.) We granted leave to appeal.

It is the basis of the plaintiff's complaint that the Board breached a duty owed to him to place him in a special education facility. In support of his arguments that there exists such a duty on behalf of the Board, plaintiff relies on the language of article X, section 1, of the Illinois Constitution, stating as a "fundamental goal of the People of the State *** the educational development of all persons," and section 14—4.01 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 14—4.01), which directs school boards to establish and maintain "special educational facilities as may be needed *** for handicapped children." As discussed below, we find the plaintiff's arguments unpersuasive.

Article X, section 1, of the Illinois Constitution does not impose a duty on boards of education to place students in special education classes. The article is not self-executing. Its pronouncement of the laudable goal of "the educational development of all persons to the limits of their capacities" is a statement of general philosophy,

rather than a mandate that certain means be provided in any specific form. Similar provisions of both the 1970 Illinois Constitution and its predecessor, the 1870 Constitution, have been so interpreted. (See *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 277.) Whether the Board had the duty to place the plaintiff in a special education class, therefore, can only be ascertained by examining the applicable statutes and regulations governing the administration of special educational facilities in this State.

The statute relied upon by plaintiff (Ill. Rev. Stat. 1971, ch. 122, par. 14—4.01) is not convincing support for his position. The issue at hand is not whether the Board has fulfilled its mandate to establish and maintain special education facilities for handicapped children. Rather, the precise question before us concerns the determination of eligibility for such classes, and the role of the Board in making that ultimate decision.

Section 14—8.01 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—8.01) provides in pertinent part concerning special education:

> "*** The Superintendent of Public Instruction with the advice of the Advisory Council shall prescribe the standards and make the necessary rules and regulations including but not limited to *** eligibility and admission of pupils ***.
>
> The Superintendent of Public Instruction shall make rules for and shall be responsible for determining the eligibility of children to receive special education ***."

Thus under the statute it is the Superintendent of Public Instruction, now the State Board of Education (Ill. Rev. Stat. 1973, ch. 122, par. 1A—4(C)), and not the local school board, that is responsible for determining the elgibility of children for special education. Also, pursuant to the statute, rules and regulations have been promulgated for determining the eligibility for and the admission of pupils to special education facilities. This court will take

judicial notice of these rules and regulations. *People ex rel. Newdelman v. Weaver* (1972), 50 Ill. 2d 237.

Under the rules and regulations, detailed procedures are prescribed for determining the eligibility of children and for placing them in special education. The regulations place primary responsibility upon the local school district for initiating and determining the appropriateness of the referrals of students. However, if the local district fails to act or if it refuses to act after a referral or request by a parent, the rules provide a detailed procedure for review of the board's conduct by administrative officials and for an ultimate determination by the State Superintendent of Education. See Rules and Regulations to Govern the Administration and Operation of Special Education.

Thus the ultimate responsibility for determining whether a pupil is eligible for special education rests with the State Board of Education and not with the board of education at the local district. Also, the complaint does not allege compliance with the administrative procedures established for a review of the defendant's failure or refusal to admit the plaintiff to special education classes. Plaintiff has therefore not exhausted the administrative remedies. (See *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357-58.) The complaint, for these reasons, fails to state a cause of action against the defendant. The judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*