ROSARIO MUNIZZA *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHI-
CAGO *et al.*, Defendants-Appellees.—ROBERT FERRO, Plaintiff-Appellant,
v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   Nos. 1—89—1419, 1—89—1420 cons.

Opinion filed June 28, 1991.—Modified on denial of rehearing
December 23, 1991.

Alphonse A. Talarico, of Chicago, for appellants Rosario Munizza and Terry Scalise.

Onesto, Giglio, Meltreger & Associates, of Chicago (Peter A. Regulski, of counsel), for appellant Robert Ferro.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

The primary issue raised in the consolidated appeal is whether the trial court erred in dismissing plaintiffs' complaints pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) on the ground that sections 2—104 and 2—206 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, pars. 2—104, 2—206) (hereinafter Act or Tort Immunity Act) provided defendants with immunity.

A trial court should dismiss a cause of action only if it is apparent that no set of facts can be proven that will entitle plaintiff to recover.

(*Curtis v. Birch* (1983), 114 Ill. App. 3d 127, 129, 448 N.E.2d 591.) Motions to dismiss admit facts well pleaded (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223), together with all reasonable inferences which can be drawn from those facts (*Pierce v. Board of Education* (1976), 44 Ill. App. 3d 324, 358 N.E.2d 67, *rev'd on other grounds* (1977), 69 Ill. 2d 89, 370 N.E.2d 535), but do not admit conclusions unsupported by allegations of specific facts on which such conclusions rest (*St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co. of America* (1979), 73 Ill. App. 3d 935, 393 N.E.2d 611), or conclusions of law. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.) A reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 445 N.E.2d 1184.

Plaintiffs Munizza and Scalise jointly filed a multicount complaint against the city of Chicago (City); Tony Oliveri (Oliveri), commissioner of public vehicle operations division; Fred Rice (Rice), superintendent of the police department; unknown employees of the police department (all of whom are hereinafter referred to as City defendants or City); and the Yellow Cab Company and Jerry L. Watkins (Watkins), who are not parties to this appeal. Plaintiff Ferro filed several multiple-count complaints against the cab company, the City and several of its employees. The last complaint before the trial court was Ferro's third amended complaint.

In their complaints, plaintiffs alleged that they were injured on August 13, 1987, at about 1:20 a.m. when cab driver Watkins got out of a taxicab owned by the Yellow Cab Company following a verbal altercation between himself and one of the plaintiffs or one of their companions. They allege that Watkins began firing at the group with a .357 gun striking Munizza, Scalise, Ferro and a fourth companion of the men. The complaints stated that on April 9, 1987, Watkins made an application for a chauffeur's license to the City through its Department of Consumer Services (formerly the Department of Consumer Sales, Weights, and Measures). The complaints essentially alleged that defendants improperly granted codefendant Watkins a license since the application contained material omissions by Watkins and the absence of information on the police department report which was intended to reveal any criminal information impacting upon one's qualifications to be licensed to operate a taxicab.

The complaints further alleged that there was considerable information in Watkins' background which would have precluded him from

being licensed to operate a taxicab in the city. Plaintiffs thus charged that defendants willfully and wantonly disregarded the provisions of the chauffeurs ordinance by signing and approving Watkins' application and in the methods used to approve Watkins' license. The two lawsuits were consolidated in the trial court for purposes of discovery and pretrial motions.

Both defendants Yellow Cab and the City filed motions to dismiss the complaints. The City argued that sections 2—104 and 2—206 of the Tort Immunity Act absolutely shielded it and its employees from all liability arising from its licensing decisions. The trial court granted the City's motion and dismissed all counts of the plaintiffs' complaints that applied to the City. The order contained language pursuant to Supreme Court Rule 304(a) providing that there was no just reason to delay the enforcement or appeal of the order of dismissal. (107 Ill. 2d R. 304(a).) Plaintiffs appealed from this order, and on their motion, the two appeals have been consolidated.

On appeal, plaintiffs Munizza and Scalise first contend that the trial court erred in allowing the City to rely on the licensing immunity provisions of sections 2—104 and 2—206 of the Act since the City completely disregarded the express legal requirements and procedures of the public chauffeurs ordinance. (Chicago Municipal Code ch. 28.1—1 et seq. (1983).) They assert that Oliveri was guilty of willful and wanton misconduct by signing and approving Watkins' application for a license even though such application was improperly prepared and Rice and unknown employees of the police department were also guilty of willful and wanton misconduct either in investigating Watkins or in approving the license without first properly investigating Watkins' criminal record. They refer to *Barth v. Board of Education* (1986), 141 Ill. App. 3d 266, 490 N.E.2d 77, for the proposition that a municipality or its employees will lose the protection of the immunity provisions if they engage in acts based upon corrupt or malicious motives or willful and wanton misconduct.

Plaintiff Ferro contends that the Tort Immunity Act affords municipalities and their employees immunity for good-faith mistakes in judgment; however, the Act does not shield a municipality from a discretionary licensing decision undertaken with wanton indifference to the public safety and welfare. He asserts that no immunity is extended to discretionary acts performed with corrupt or malicious motives (see, *e.g., Thiele v. Kennedy* (1974), 18 Ill. App. 3d 465, 309 N.E.2d 394), and that a second exception exists under Illinois law where the discretionary acts are performed willfully and wantonly (*Barth*, 141 Ill. App. 3d 266, 490 N.E.2d 77), such as here, where the

officers involved abandon the licensing procedure in reckless disregard for the safety of others and substitute their own judgment.

The City asserts that the trial court correctly dismissed plaintiffs' claims because sections 2—104 and 2—206 of the Tort Immunity Act absolutely and unconditionally immunize them from any liability for an injury caused by the issuance of any license. (*E.g., Foster & Kleiser v. City of Chicago* (1986), 146 Ill. App. 3d 928, 932, 497 N.E.2d 459; *U-Haul Co. of Chicago Metroplex v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 419 N.E.2d 286; *Melbourne Corp. v. City of Chicago* (1979), 76 Ill. App. 3d 595, 394 N.E.2d 1291.) They assert that the cases upon which the plaintiffs rely to support an exception to licensing immunity are either factually distinguishable from the instant case or do not involve licensing immunity. Moreover, plaintiffs charged defendants' conduct as willful and wanton without alleging specific and sufficient facts to support such charges. We agree with plaintiffs' pronouncement of the law regarding governmental immunity from tort liability pursuant to the Act in general, and in particular, sections 2—104 and 2—206 of the Act; however, such sections are not applicable to the instant case. Notwithstanding this determination, however, we conclude that the trial court's judgment was proper. Our reasons follow.

It is well settled that under the doctrine of sovereign immunity, a governmental unit is immune from tort liability. However, the Illinois Supreme Court abolished governmental immunity in 1959. (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89.) In response, the General Assembly enacted the Tort Immunity Act that adopted the general principles of liability in tort for local government units, but limited such liability with an extensive list of immunities based on specific government functions.

■ For instance, as previously mentioned, it is well established that there exists blanket immunity for all discretionary acts of public employees not ministerial in nature (*Anderberg v. Newman* (1972), 5 Ill. App. 3d 736, 283 N.E.2d 904); however, it has been found that such immunity should not extend to (1) public employees' acts based on corrupt or malicious motives or (2) public employees' willful and wanton acts. (*Barth v. Board of Education* (1986), 141 Ill. App. 3d 266, 490 N.E.2d 77.) The Act provides that a local public entity is not liable for adopting or failing to adopt a particular enactment or for failing to enforce any law (Ill. Rev. Stat. 1987, ch. 85, par. 2—103), or for negligence connected with the inspection of property for health or safety hazards (Ill. Rev. Stat. 1987, ch. 85, par. 2—105) or, as here, for negligence, if any, connected with the administration of permits,

licenses, certificates and other authorizations. (Ill. Rev. Stat. 1987, ch. 85, par. 2—104.)

●■ Moreover, in accordance with the Tort Immunity Act, the courts have held that *both* the municipality and its employee are immune from any liability for an injury caused by the issuance of any license (*Foster & Kleiser*, 146 Ill. App. 3d 928, 497 N.E.2d 459; *U-Haul Co.*, 87 Ill. App. 3d 915, 419 N.E.2d 286; *Melbourne Corp.*, 76 Ill. App. 3d 595, 394 N.E.2d 1291) "where the [local public] entity or [public] employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." (See Ill. Rev. Stat. 1987, ch. 85, pars. 2—104, 2—206.) Thus, the language of the licensing immunity provisions governs discretionary rather than ministerial actions. Ministerial acts are those "which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority" and without reference to the official's discretion as to the propriety of the acts. (*Larsen v. Darnell* (1983), 113 Ill. App. 3d 975, 977, 448 N.E.2d 249.) Here, the defendants were required to examine the application and conduct a criminal investigation into the background of an applicant. The ordinance further provides that if the commissioner finds that the applicant includes any material omissions or misstatements of fact or that the applicant lacks any of the specified qualifications, he or she *shall deny* the license. Accordingly, we concluded that defendants were not afforded immunity under the Act (see *Barth v. Board of Education*, 141 Ill. App. 3d 266, 440 N.E.2d 77) since their "own ordinances *and* the allegation of violations thereof negate the immunity from suit." (Emphasis in original.) *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 11, 373 N.E.2d 1326.

■ Having determined the inapplicability of tort immunity for defendants, we now revisit the allegations in the plaintiffs' complaints. Plaintiffs here made conclusory allegations that the City's conduct was willful and wanton, without alleging specific facts sufficient to support the label. In *Midamerica Trust Co. v. Moffatt* (1987), 158 Ill. App. 3d 372, 381, 511 N.E.2d 964, this court stated:

"While plaintiff's complaint uses the terms 'wilful and wanton' to describe [defendants'] alleged actions, this descriptive language is a mere conclusion, which is not admitted for purposes of a motion to dismiss. [Citation.] To sufficiently plead a cause of action for wilful and wanton conduct, a complaint 'must allege facts demonstrating a duty of defendant and a breach of that duty which proximately caused the plaintiff's injury.' [Citation.] Mere conclusional allegations of wilful and wanton mis-

conduct are not sufficient; facts must be alleged from which the law would raise a duty, and a showing that the omission of such a duty resulted in injury."

As in *Midamerica*, we believe that plaintiffs here have failed to allege sufficient facts to state a cause of action for willful and wanton misconduct. To be characterized as willful and wanton, acts must have been committed with actual or deliberate intention to harm or with an utter indifference or conscious disregard for the safety of others. (*Breck v. Cortez* (1986), 141 Ill. App. 3d 351, 490 N.E.2d 88.) The elements of a cause of action for willful and wanton negligence of public employees are a duty to the injured party and a breach of that duty which is the proximate cause of the injury. *Breck*, 141 Ill. App. 3d 351, 490 N.E.2d 88; see also *Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 484 N.E.2d 909.

■ Neither were the allegations in the complaints sufficient to set forth a cause of action for simple negligence based upon ordinary care. In the instant case, plaintiffs failed to allege that the City owed them any duty that was breached. Plaintiffs assert liability on the part of defendants simply because they violated the provisions of the ordinance governing licensing of public chauffeurs. We have reviewed the ordinance, however, and find no private right of action provided for therein. The ordinance merely provides sanctions in the form of fines, suspension or revocation of licenses in the event of enumerated violations or a finding that a person is or has become unqualified to receive a license. Moreover, an ordinance or statute cannot enlarge the duties owed by the City to individuals beyond those existing at common law. (*Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 108-09, 361 N.E.2d 282.) Nor does a statutory violation eliminate the need to establish that defendant's conduct was the proximate cause of plaintiff's injury. *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390, 356 N.E.2d 93.

Even if the City violated its own ordinance by improperly issuing Watkins a license, plaintiffs were still required to prove that such a violation was the cause in fact of plaintiffs' injuries. (*Sheehan v. Janesville Auto Transport* (1981), 102 Ill. App. 3d 507, 512-13, 430 N.E.2d 131.) Cause in fact can be established only where there is a reasonable certainty that plaintiff's injury was caused by the conduct of defendant. (*Morton v. F.B.D. Enterprises* (1986), 141 Ill. App. 3d 553, 559-60, 490 N.E.2d 995, *appeal denied* (1986), 112 Ill. 2d 578.) Here, plaintiffs acknowledged that their injuries occurred as a result of Watkins' action in displaying a firearm and firing and striking them. Any acts or omissions of the City employees here concerning

licensing requirements for driving a taxicab, especially in light of the fact that the allegations involved actions by Watkins unrelated to his duties as a taxicab driver or to the purposes of the ordinance, one of which is the safety and welfare of passengers, were not material factors in the injuries inflicted upon plaintiffs.

Moreover, since the facts here are largely undisputed, proximate cause became a question of law which could be determined by the defendants' motion to dismiss. (See *Novander v. City of Morris* (1989), 181 Ill. App. 3d 1076, 537 N.E.2d 1146.) Moreover, we follow the controlling rule relied upon in numerous other Illinois cases on that issue:

> "If the negligence charged does nothing more than furnish a condition which made the injury possible and that condition causes an injury by the subsequent independent act of a third party, the creation of that condition is not the proximate cause of the injury." *Newsome v. Thompson* (1990), 202 Ill. App. 3d 1074, 1081, 560 N.E.2d 974, citing *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.

Accordingly, we conclude that plaintiffs' claims must fail because they failed to allege facts showing that the defendants owed any duty to them that was breached (*Rush v. City of Chicago* (1987), 163 Ill. App. 3d 725, 513 N.E.2d 17) and failed to allege facts reflecting causation on the part of the City since plaintiffs' injuries were caused by the independent, illegal act of Watkins, who shot them. The only exception to the rule of no liability for intervening criminal acts occurs where the defendant's misconduct creates a condition conducive to a reasonably foreseeable criminal act. The exception does not apply here because plaintiffs have not alleged, nor could they allege, facts to show that the City facilitated Watkins' shooting of plaintiffs (see *Hinojosa v. City of Chicago Heights* (1988), 166 Ill. App. 3d 319, 327, 519 N.E.2d 976), and the allegations of misconduct by the City and its employees are so remote from the alleged injuries to plaintiffs. See *Martinez v. State of California* (1980), 444 U.S. 277, 285, 62 L. Ed. 2d 481, 489, 100 S. Ct. 553, 559.

Accordingly, the decision of the trial court must stand.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.