MEMORANDUM OPINION AND ORDER
 

 ALESIA, District Judge.
 

 Before the court is plaintiff Amoco Oil Company’s response to the court’s rule to
 
 *959
 
 show cause why this case should not be transferred pursuant to 28 U.S.C. § 1404(a).
 
 [1]
 
 For the following reasons, the court transfers this case to the United States District Court for the Eastern District of New York.
 

 I.
 
 BACKGROUND
 

 Plaintiff Amoco Oil Company (“Amoco”) brings this diversity action against the defendant Mobil Oil Corporation (“Mobil”). Amoco is a business incorporated under the laws of Maryland with its principal place of business in Chicago, Illinois. Mobil is a business incorporated under the laws of New York with its principal place of business in Fairfax, Virginia.
 

 This action allegedly arises out of a settlement agreement entered into on May 6, 1993 between Amoco and Mobil. Pursuant to this settlement agreement, Mobil released Amoco from any claims relating to environmental contamination in the Green-point area of Brooklyn, New York and agreed to indemnify Amoco for certain aspects of the contamination in the Green-point area. Amoco, however, remained responsible for removing any contamination from its own property excluding contamination which was not physically located under Amoco’s property at the time of the settlement agreement. The purpose of this settlement agreement is “to fully resolve all existing disagreements over responsibility and allocate liability for environmental contamination (including, among other things, third party personal injury and property damage claims) between Amoco and Mobil in connection with ... the Greenpoint Contamination.” (PL’s Compl. Ex. 1 at 2.)
 

 Subsequent to this settlement agreement, Amoco recovered over two million gallons of liquid phase contamination from the subsurface of its property.
 
 [2]
 
 Testing of the groundwater revealed that the contamination is migrating onto Amoco’s property from Mobil’s Greenpoint property. As a consequence of this migration, the New York State Department of Environmental Contamination (“NYSDEC”) advised Amoco that it is considering an enforcement action against Amoco unless Amoco extends its remediation efforts. This extension would include the installation of pump and treat systems which would draw more pollution onto Amoco’s property from Mobil’s property.
 

 Thus, Amoco advised Mobil that any remediation efforts sought by NYSDEC were subject to the indemnity provision in the settlement agreement. However, Mobil denies that it would have any obligation with respect to Amoco’s remediation efforts.
 

 Accordingly, on September 3, 1999, Amoco filed this action charging Mobil with violating the settlement agreement as to the property located in the Greenpoint area of Brooklyn, New York. The complaint consists of two counts. Count I is for a declaratory judgment and Count II alleges a breach of the settlement agreement.
 

 II.
 
 DISCUSSION
 

 Amoco requests this court to retain jurisdiction of this case. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action “[fjor the convenience of parties and witnesses [and] in the interest of justice ... to any other district or division where it might have been brought.” 28 U.S.C. § 1404(a). Transfer is appropriate under § 1404(a) where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice.
 
 See id; Coffey v. Van
 
 
 *960
 

 Dorn Iron Works,
 
 796 F.2d 217, 219
 
 &
 
 n. 3 (7th Cir.1986). It is in the sound discretion of the trial judge to determine the weight accorded to each factor.
 
 See Coffey,
 
 796 F.2d at 219.
 

 A.
 
 Venue in the transferor district, the Northern District of Illinois
 

 Venue is proper in this district because jurisdiction is predicated solely on diversity of citizenship and Mobil does not dispute that this court has personal jurisdiction over it. Title 28 of the United States Code § 1391(a) provides that:
 

 A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial .part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
 

 28 U.S.C. § 1391(a). For purposes of venue, “a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.”
 
 Id.
 
 § 1391(c). Mobil, the only defendant, does not dispute that this court has personal jurisdiction over it, thus, venue is proper. Accordingly, the first element of a § 1404(a) transfer is clearly satisfied.
 

 B.
 
 Venue in the transferee district, the Eastern District of New York
 

 Venue is also proper in the Eastern District of New York because a substantial part of the events giving rise to this suit occurred in and the entire property that is the underlying subject of this action is located in Brooklyn, New York which is located within that district.
 
 See id.
 
 Furthermore, neither party disputes that the Eastern District of New York would have jurisdiction. Thus, the second element of § 1404(a) transfer is clearly satisfied.
 

 C.
 
 Considerations of convenience and interests of justice
 

 The final element of § 1404(a) requires that the transferee court “clearly [be] more convenient” than the transferor court.
 
 Coffey,
 
 796 F.2d at 219-20. The court makes this determination on an individualized and case-by-case basis by analyzing whether the convenience of the parties and the witnesses and the interests of justice weigh in favor of transfer.
 

 1.
 
 Convenience of the parties and the witnesses
 

 The court must first consider the convenience of the parties and the witnesses. When evaluating the conveniences, the court should consider five factors: (1) the plaintiffs choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses.
 
 North Shore Gas Co. v. Salomon, Inc.,
 
 896 F.Supp. 786, 791 (N.D.Ill.1995);
 
 College Craft Cos. Ltd. v. Perry,
 
 889 F.Supp. 1052, 1054 (N.D.Ill.1995).
 

 a. Plaintiff’s choice of forum
 

 This court recognizes that the plaintiffs choice of forum is generally entitled to substantial weight, especially when it is plaintiffs home forum.
 
 See Vandeveld v. Christoph,
 
 877 F.Supp. 1160, 1167 (N.D.Ill. 1995). While a plaintiffs choice of forum is an important consideration in determining whether a motion to transfer should be granted, it, however, is not absolute.
 
 Applied Web Sys., Inc. v. Catalytic Combustion Corp.,
 
 No 90 C 4411, 1991 WL 70893, at *3 (N.D.Ill. Apr.29, 1991).
 

 In this case, Illinois is both Amoco’s home forum, as its principal place of busi
 
 *961
 
 ness is located in Illinois, and chosen forum. However, its choice has no significant connection to its claim, as the heart of the controversy involves environmental contamination in Brooklyn, New York. Thus, Amoeo’s choice becomes only one of the many factors the court considers.
 
 See Chicago, Rock Island & Pac. R.R. Co. v. Igoe,
 
 220 F.2d 299, 304 (7th Cir.1955);
 
 General Accident Ins. Co. v. Travelers Corp.,
 
 666 F.Supp. 1203, 1206 (N.D.Ill. 1987).
 

 b. Situs of the material events
 

 It appears that Illinois is not the situs of the majority of the material events in this case. Amoco argues that the material event is the settlement agreement and not the environmental contamination of land located in Brooklyn, New York. The court, however, disagrees. As Amoco correctly asserts, Amoco requests this court to construe the settlement agreement. However, the court’s construction of the agreement may depend upon the nature of the environmental contamination: i.e., whether the present contamination occurred prior to or subsequent to the execution of the settlement agreement. Thus, the events relating to the contamination of the land in Brooklyn are also material and these events occurred or are occurring in the Eastern District of New York. Furthermore, with respect to Amoco’s argument that the material event is the settlement agreement, Amoco has not alleged where the negotiation or execution of this settlement agreement took place. Accordingly, the court finds that this factor weighs in favor of transfer.
 

 c. Relative ease of access to source of proof
 

 Amoco alleges that the property itself will not be a source of proof in this suit. As discussed above,
 
 see
 
 Part C.l.b., the court disagrees. The property may be very important to the determination of Mobil’s liability, as Mobil’s liability will likely depend upon an analysis of the property and the source of the pollution. Courts have recognized the importance of the location of the situs and have ordered a transfer to that encompassing district.
 
 See Karrels v. Adolph Coors Co.,
 
 699 F.Supp. 172, 177 (N.D.Ill.1988);
 
 Midwest Precision Servs., Inc. v. PTM Indus. Corp.,
 
 574 F.Supp. 657, 661 (N.D.Ill.1983). Thus, the Eastern District of New York would have greater access to this important source of proof. Accordingly, this factor also weighs in favor of transfer.
 

 d. Convenience of the parties
 

 The facts presented by Amoco indicate that neither party will experience great inconvenience if the litigation proceeds in either Illinois or New York. Furthermore, Amoco makes no argument that the Eastern District of New York would even be an inconvenient forum in which for it to litigate. Because neither forum is of greater convenience to either party, this factor weighs neither in favor of transfer nor of retention.
 

 e. Convenience of witnesses
 

 Neither party has identified potential, non-party witnesses who will be inconvenienced by having to travel to another forum to provide testimony in this action. According to Amoco, the only potential witnesses will be experts. However, the residency of expert witnesses does not affect this court’s analysis because expert witnesses are paid for their time and are within the control of the party calling them.
 
 Karrels,
 
 699 F.Supp. at 176. Thus, this factor also weighs neither in favor of transfer nor of retention.
 

 2.
 
 Interests of justice
 

 The court must also examine the interests of justice. This analysis “focuses on the efficient administration of the court system, rather than the private considerations of the litigants.”
 
 Espino v. Top Draw Freight Sys., Inc.,
 
 713 F.Supp. 1243, 1245 (N.D.Ill.1989);
 
 see Coffey,
 
 796 F.2d at 221. It includes such considerations as the
 
 *962
 
 speed at which the case will proceed to trial, the court’s familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale.
 
 H&V Silver Mine, Inc. v. Cohen,
 
 No. 96 C 3550, 1997 WL 639229, at *5 (N.D.Ill. Oct.6,1997).
 

 a. The speed at which the case will proceed to trial
 

 For the purposes of evaluating this factor, the court used the reports from the Federal Court Management Statistics for the period ending September 30, 1999, which are the latest statistics available at this time. Of the numerous court management statistics available to the court’s current analysis, the two most relevant statistics are (1) the median months from filing to disposition and (2) the median months from filing to trial.
 
 Vandeveld,
 
 877 F.Supp. at 1169.
 

 The median months from filing to disposition was 6 months in the Northern District of Illinois compared to 12 months in the Eastern District of New York.
 
 United States District Court
 
 — Judicial
 
 Caseload Profile
 
 (visited Mar. 17, 2000) <http://jnet.ao.dcn/cgibin/cmsdl999.pl.> The median months from filing to trial was 28 months in both the Northern District of Illinois and the Eastern District of New York.
 
 Id.
 
 These statistics suggests that, while the parties would receive a trial at about the same speed in either district, the parties are more likely to receive a quicker resolution in the Northern District of Illinois. Accordingly, this factor weighs in favor of retention.
 

 b. The court’s familiarity with the applicable law
 

 In this case, the settlement agreement provides that it shall be “governed, construed and administered in accordance with the laws of the State of Illinois.” (PL’s Comp. Ex. A at 19.) The court recognizes that the Northern District of Illinois is more familiar with substantive Illinois law than the Eastern District of New York. However, courts are often called upon to decide substantive legal questions based upon another state’s laws. Generally, contract law is not particularly complex. Certainly, Amoco cannot contend that Illinois contract law is so unique as to be beyond the comprehension of our sister court in New York. Thus, this factor weighs neither in favor of transfer nor of retention.
 

 c. The relation of the community to the occurrence and the desirability of resolving controversies in their locale
 

 This is the strongest factor weighing in favor of transfer. As previously explained,
 
 see
 
 Parts C.l.b.
 
 &
 
 c., Brooklyn, New York is the situs of the contaminated property and, thus, New York has a much stronger connection to this case than Illinois. Furthermore, there are certain types of cases in which a particular forum has a strong interest in hearing.
 
 See Houck v. Trans World Airlines, Inc.,
 
 947 F.Supp. 373, 376 (N.D.Ill.1996). This is one of them. The underlying facts involve the contamination of property located in Brooklyn, New York. Certainly, the local community has a strong interest in seeing a quick resolution to this contamination. Accordingly, this factor weighs heavily in favor of transfer.
 

 In sum, the court finds that transfer to the Eástern District of New York is proper. Although Amoco chose this court as the forum, its choice is but one of the many factors which the court considers. The convenience of the' parties and the witnesses does not weigh in favor of either transfer or retention. However, the most compelling factors — the situs of the material events, the relative ease of the access to a potential source of proof and the community’s interests — weigh heavily in favor of transfer.
 

 CONCLUSION
 

 For the reasons set forth in this opinion, the court transfers this case pursuant to 28
 
 *963
 
 U.S.C. § 1404(a) to the United States District Court for the Eastern District of New York, Brooklyn Division.
 

 [1]
 

 . The court gave Mobil the opportunity to also respond to the court's rule to show cause. Mobil, however, failed to do so.
 

 [2]
 

 . According to Amoco, this amount is nearly twice the amount estimated to be under Amoco's property at the time of the settlement agreement’s execution.