C. Rodney YODER, Phil A. Yoder,
Loren M. Yoder, Jennifer J. Moss,
and Shirley Yoder, Plaintiffs,

v.

George H. RYAN, Linda Renee Baker, Stephen L. Hardy, Ph.D., Nageswararao Vallabhaneni, M.D., Daniel J. Cuneo, Ph.D., Percival Tiongson, M.D., Mirza S.A. Baig, M.D., Aikarakudy G. Alias, M.D., M.V. Reddy, M.D., Adolfo Callabio, M.D., Suresh Chand, M.D., Syed Hussain, M.D., Patricia Kelly, Dennis Headley, Darrell Williamson, Michael Burke, William A. Schuwerk, Jr., Fred Frederking, Jr., The Illinois Dept. of Human Servs., and Does 1–10, Defendants.

No. 03 C 7508.

United States District Court,
N.D. Illinois.

April 30, 2004.

Stuart Randolph Kretchmar, Attorney at Law, Wilmette, IL, for plaintiffs.

Alison Irene Abel, Chicago, IL, Janet M. Fasano, Illinois Attorney General, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs C. Rodney Yoder and members of his family sue numerous officials, former officials, and departments of the state of Illinois in connection with an alleged conspiracy to wrongfully imprison Mr. Yoder. Three defendants move to dismiss the counts against them; the remaining defendants move to transfer the case to the Southern District of Illinois. I deny the motion to dismiss and grant the motion to transfer.

· I.

■ Defendants Darrell Williamson and Michael Burke claim that as prosecutors, they are entitled to absolute immunity from suit. Defendants correctly point out that "in initiating a prosecution and in presenting the state's case, the prosecutor is immune from a civil suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). However, the complaint alleges actions on the part of Mr. Williamson and Mr. Burke that go well beyond initiating a prosecution and presenting the state's case. Specifically, they are alleged to have conspired to have Mr. Yoder assaulted by fellow inmates. These actions, if true, would be quite outside the prosecutorial sphere, and thus the absolute immunity of prosecutors as quasi-judicial officers would not apply. Insofar as the allegations go beyond prosecutorial activity, the defendants have not established that they are entitled to absolute immunity at this stage of the proceedings.

■ Defendant Fred Frederking, Jr. claims that as a sheriff, he is entitled to qualified immunity. Qualified immunity is an affirmative defense which protects public officials from civil liability where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir.2000). Mr. Frederking is accused of conspiring to prevent Mr. Yoder from practicing his religion, from communicating with the outside world, from compiling a legal defense, etc. These are clearly established rights any reasonable person would be aware of. Mr. Frederking has not established that he is entitled to the protection of qualified immunity at this stage of the proceedings.

■ The three defendants next argue that the plaintiffs' § 1983 claims alleged under the First, Fifth, Eighth, and Thirteenth Amendments must be dismissed under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). That rule states that a state prisoner may not assert a § 1983 claim that implicates the constitutionality of his conviction or sentence unless he can show that the conviction or sentence has been overturned, expunged, or otherwise invalidated. *Id.* at 487, 114 S.Ct. 2364. According to the plaintiffs, whose account is not disputed, Mr. Yoder has two criminal convictions, one in 1979 and one in 1990. However, the allegations of the pleading do not necessarily call the constitutionality of Mr. Yoder's convictions into question. Most of the alleged acts occurred well after the more recent conviction, and on their face, they go to the constitutionality of the circumstances surrounding Mr. Yoder's civil commitment, not his criminal convictions. As the defendants do not specify which aspects of Mr. Yoder's convictions would be compromised by which allegation, this argument fails.

■■ Next, the three defendants allege that the Rooker–Feldman doctrine mandates dismissal of the claims against them. This doctrine "precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court ... [or] claims that are inextricably intertwined with state court determinations." *Manley v. City of Chicago*, 236 F.3d 392 (7th Cir. 2001). This doctrine is not applicable here. The defendants are accused of violating Mr. Yoder's constitutional rights. The fact that they did so in connection with a state court proceeding does not mean that this court is effectively exercising appellate jurisdiction over the final determination of a state court. *Id.*

■ Defendants further argue that plaintiffs' claim under 42 U.S.C. § 1985 fails because the complaint does not allege class-based discriminatory animus as a

purpose of the conspiracy. The complaint alleges animus against the mentally ill on the part of the defendants. While this allegation could have been pleaded more clearly as part of the § 1985 count, it is sufficient to state a claim under that statute.

Defendants claim that they are protected by Illinois' Tort Immunity Act, which protects state employees from liability for injuries caused by an act or omission which is a determination of policy and an exercise of discretion. *Harinek v. 161 N. Clark St. Ltd. P'ship*, 181 Ill.2d 335, 230 Ill.Dec. 11, 692 N.E.2d 1177, 1181 (1998). However, this immunity does not extend to the acts of a public employee which are (1) based on corrupt or malicious motives or (2) willful and wanton. *Munizza v. City of Chicago*, 222 Ill.App.3d 50, 164 Ill.Dec. 645, 583 N.E.2d 561, 565 (1991). As the acts described in the complaint are alleged to fit into both of these exceptions, this argument also fails.

Finally, defendants Williamson, Burke, and Frederking argue that the complaint should be dismissed for failure to comply Rules 8(a) and 8(e) of the Federal Rules of Civil Procedure, which require the plaintiff to set forth a short and plain statement of the facts which entitle him to relief, and to make simple, concise, direct allegations. In the alternative, the defendants move that the plaintiffs be ordered to provide a more definite statement under Rule 12(e). As no heightened pleading is required on any count alleged by the plaintiffs, the complaint is sufficient under the liberal notice pleading standards of the Federal Rules. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998). A more definite statement is not necessary.

## II.

Defendants George H. Ryan, Linda Renee Baker, Stephen L. Hardy, Ph.D., Nageswararao Vallabhaneni, M.D., Daniel J. Cuneo, Ph.D., Percival Tiongsan, M.D., Mirza S. Baig, M.D., M.V. Reddy, M.D., Adolfo Callabio, M.D., Suresh Chand, M.D., Syed Hussain, M.D. Patricia Kelly, Dennis Headley, William A. Schuwerk, Jr., and the Illinois Department of Human Services ("State Defendants") move to transfer venue to the Southern District of Illinois pursuant to 28 U.S.C. § 1404, which states: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This action might have been brought in the Southern District of Illinois, and transfer will serve the convenience of parties and witnesses as well as the interests of justice. The factors to be considered in making such a determination are: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the convenience to the parties of litigating in the respective forums; (4) the availability of evidence; and (5) the convenience of witnesses. *Amoco Oil v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill.2000) (Alesia, J.).

The plaintiffs obviously selected the present forum; however, none of the five plaintiffs presently reside in the Northern District, and where the plaintiff is not a resident of the forum district, this factor is given no special weight. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F.Supp. 627, 630 (N.D.Ill. 1997) (Bucklo, J.). This factor is weighted especially lightly where, as here, most of the material events did not take place in the forum. *Pansophic Systems, Inc. v. Graphic Computer Serv., Inc.*, 736 F.Supp. 878, 881 (N.D.Ill.1990) (Alesia, J.). Most of the events alleged took place or are taking place in Chester, Illinois, with the exception of the allegations related to Mr. Yoder's brief stay at the Elgin Mental

Health Center. The plaintiffs dispute this analysis, arguing that the alleged conspiracy may have taken place elsewhere in Illinois. However, the bulk of the plaintiff's complaint focuses on wrongful acts allegedly done to him in Southern Illinois, not on the conspiracy that may have led to those acts. This factor weighs in favor of transfer.

■ Mr. Yoder argues that he is not in fact a "resident" of southern Illinois, as he is confined there against his will. However, there is no doubt that he, like the other plaintiffs, is located in the Southern District. Furthermore, his argument that his Cook–County–based counsel cannot afford to litigate in East St. Louis appears disingenuous, as plaintiff's counsel S. Randolph Kretchmar has apparently recently represented Mr. Yoder in Randolph County. In contrast, all of the state defendants reside either in Missouri or otherwise near the Southern District. This factor weighs in favor of transfer. The location of evidence and witnesses (most of whom are expected to be the defendants) also weigh in favor of transfer.

■ Plaintiffs argue that the interests of justice weigh against transfer because the Southern District is "corrupt" and suffers from a "custody culture," so that the plaintiffs could not get a fair trial there. There is no support for these aspersions against the Southern District, and plaintiffs' belief that this venue is more favorable to their claim is not a justification for denial of a motion to transfer. The Southern District has apparently adjudicated some twenty-five other cases filed by Mr. Yoder. I see no reason to believe that this one should be an exception.